No. 96-8041, Watts v. USA

The Order Granting Defendant's Motion to Dismiss attached to the Order and Judgment is not available electronically.

————————————

MARVIN WATTS,

    Plaintiff-Appellant,

v.

                           No. 96-8041

MICHAEL S. BIGELOW; TIMOTHY      (D.C. No. 95-CV-61-D)
TOWNES, individually; UNITED       (D. Wyoming)
STATES OF AMERICA,

    Defendants-Appellees.

————————————

**ORDER AND JUDGMENT**[*]

————————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Watts, a pro se litigant, appeals the dismissal of his law suit. We affirm.

The Internal Revenue Service (IRS) levied on Mr. Watts' wages. Mr. Watts then filed this suit challenging the validity of the procedures employed by the IRS. Mr. Watts named two IRS employees as defendants. The gist of his complaint, which was based upon 28 U.S.C. § 1361 (1994) ("district courts shall have ... jurisdiction of any action in the nature of mandamus to compel ... an employee of the United States or any agency ... to perform a duty owed to the plaintiff"), was to require the employees to set aside the levy. Mr. Watts asserted the named defendants improperly executed the notices of intent to levy and the notice of levy by failing to sign them under penalty of perjury; defendants improperly failed to release the levies; and finally, he asserted the notices did not contain the required information about the levy process.

Defendants moved to dismiss under Fed. R. Civ. P. 12 for lack of subject matter jurisdiction and moved to substitute the United States as a defendant. The district court substituted the United States as a defendant and dismissed the case. The trial court concluded the acts of which Mr. Watts complained were taken by the individual defendants in their official capacity and opined the United States

was the only proper defendant. The trial court then concluded the mandamus statute did not provide subject matter jurisdiction for Taxpayer's suit and alternatively concluded that even if jurisdiction did exist, dismissal for failure to state a claim would be appropriate because of the Anti-Injunction Act, which forbids any "suit for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a) (1994). The trial court further concluded no mandamus jurisdiction existed because Mr. Watts had failed to show he had a clear and undisputable right to any relief.

Mr. Watts appeals this judgment asserting, inter alia, the trial court "appeared to be biased and prejudiced against the appellant and in favor of the government"; as the individual defendants were operating outside the scope of their employment, "the Justice Department had no authority to represent them" (p. 6); the trial court was "apparently convinced ... the collection of taxes is not based on statutory law, but on discretion"; "most government employees have absolutely no understanding of the laws they are ordered to enforce"; and Mr. Watts basically asserts the trial court ignored the plain meaning of the applicable statutes. Specifically, Mr. Watts criticizes the federal courts for "the flagrant disregard and disrespect for the laws of the United States by the judiciary ... a crime against the United States Constitution." He furthermore accuses the courts

of violating the Code of Conduct by failing to preserve "the integrity and independence of the judiciary."

Mr. Watts misperceives the law. The district court in its ten-page Order Granting Defendant's Motion to Dismiss patiently and correctly explained the applicable law to Mr. Watts. Mr. Watts, in his brief to this court, offers no authority specifically showing the legal analysis of the trial court to be incorrect. Mr. Watts answers the trial court's reasoned analysis with emotional and false charges against the trial court. Had Mr. Watts read the Supreme Court cases cited by the trial court, possibly he would have realized the trial court was following the law rather than following a dishonest path to exercise its prejudices against him. Litigants, especially those who lose, often become emotional and convinced dishonesty must exist simply because they have lost. As this case shows, litigants sometimes lose because the law does not favor their position.

The judgment of the trial court is **AFFIRMED** for substantially the same reasons set forth in the Order Granting Defendant's Motion to Dismiss, a copy thereof being attached.

**Entered for the Court:**

**WADE BRORBY**
United States Circuit Judge

-4-